UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

ROBERTO MARTINEZ,                              :

                          Petitioner,          :        04 Civ. 3905 (PAC) (FM)

     -against-                                 :        MEMORANDUM
                                                        OPINION AND ORDER
RAYMOND J. CUNNINGHAM,                          :
Superintendent, Woodbourne
Correctional Facility,                         :

                          Respondent.          :

--------------------------------------------------------------X


          HONORABLE PAUL A. CROTTY, United States District Judge:


          Petitioner Roberto Martinez ("Martinez") filed an amended petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his October 1998

conviction for Manslaughter in the First Degree.  The conviction was based on

Martinez's guilty plea with the understanding that he would receive a sentence of 12-1/2

to 25 years.  Martinez alleges that his due process rights were violated by the State

Court's refusal to allow him to enlarge the appellate record to show mitigating

circumstances.

**Procedural History**

          On October 26, 1998, Martinez was convicted of killing Mark Lasoche,

whom he suspected of having an affair with his wife, by shooting him six to seven times

with a handgun in a Bronx supermarket.  Martinez pleaded guilty to Manslaughter in the

1

First Degree with the understanding that he would receive a sentence of 12-1/2 to 25 years, which sentence was subsequently imposed.

Martinez appealed to the Appellate Division on the basis that the imposed sentence was excessive for a first-time offender.  Martinez also moved to enlarge the record for appeal to include documents relating to his background, character, and rehabilitation efforts, because it would be "in the interests of justice" to do so.  The motion to expand the record was denied on August 29, 2002, and the Appellate Division unanimously upheld the conviction on February 20, 2003 without opinion.  Martinez sought leave to appeal to the New York Court of Appeals on the basis that the Appellate Division erred by not permitting the record to be enlarged.  On July 7, 2003, his application was denied.

Martinez then filed a writ of habeas corpus.  On May 24, 2004, Chief Judge Mukasey dismissed Martinez's claim of an excessive sentence, but allowed him to amend the petition.  The amended petition was filed July 14, 2004, contending that Martinez's Fourteenth Amendment due process rights were violated by the Appellate Division's refusal to enlarge the appellate record.  On August 18, 2006, Magistrate Judge Maas issued a Report and Recommendation recommending denial of the petition. Martinez timely objected to Judge Maas's Report and Recommendation on August 23, 2006.

**Judge Maas's Report and Recommendation**

Magistrate Judge Maas found no violation of Martinez's due process rights.  The Appellate Division's refusal to enlarge the record was not of such

'constitutional dimension' that it deprived him of 'fundamental fairness.'  <u>Rosario v. Kuhlman</u>, 839 F.2d 918, 924 (2d Cir.1988) for the following three reasons:

1)  The record contained ample evidence from which Martinez could argue that the shooting was aberrational conduct on his part.  The Appellate Division was aware of the type of mitigating factors Martinez was seeking to supplement, such as that he was in his sixties, had no prior arrests, and was allegedly motivated by infidelity.

2)  Martinez's sentence was a result of a negotiated plea bargain.  Martinez was originally charged with Second Degree Murder, carrying fifteen years to life in prison.

3)  Most of the additional materials Martinez sought to enlarge the record with concerned his exemplary conduct after, not before, he was sentenced (including prison rehabilitation programs).  Furthermore, there was nothing in the materials that indicates that the sentence imposed was "unusually harsh or severe."  <u>People v. Delgado</u>, 80 N.Y.2d 780, 783 (1992).

**Petitioner Martinez's Objection**

In his Objections, Martinez states:  "Petitioner; [sic] has no substantial challenge to the Magistrate Judge's determination in [sic] the [m]erits . . .."  Rather, Martinez objects that his sentence was calculated incorrectly under New York Penal Law. This is precisely the same claim that Judge Mukasey dismissed in 2004.  Moreover, the claim is without merit.  The version of the New York Penal Law that Martinez relies on was not in effect when he was sentenced in 1998.  The version in effect at sentencing

provides that for a Class B felony (which First Degree Manslaughter was, and still is), the term must be "at least five years and must not exceed twenty-five years." N.Y. Penal Law § 70.02(3)(a)(McKinney 1998). Therefore, Martinez's sentence of 12 ½ to 25 years is within the guidelines then in effect. The Second Circuit has made clear that there is no constitutional basis for an excessive sentence claim where "the sentence is within the range as prescribed by state law." White v. Keane, 969 F.2d 1381 (2d Cir. 1992).

I find no error with Magistrate Judge Maas's determination that the Appellate Division's denial of the motion to enlarge the record did not violate Martinez's due process rights. Accordingly, I adopt the Magistrate Judge's Report and Recommendation and conclude that the denial of Martinez's motion to enlarge the record did not deprive Martinez of "fundamental fairness."

I decline to issue a certificate of appealability. Martinez has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Pursuant to 28 U.S.C. § 1915(a)(3), I also find that any appeal from this order would not be taken in good faith.

The Clerk of the Court is directed to enter an Order closing this case.

Dated: New York, New York
       October 23, 2006

SO ORDERED

PAUL A. CROTTY
United States District Judge

4

Copies Mailed To:

Mr. Roberto Martinez
# 98-A-6971
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York  10562

Cynthia J. Pree, Esq.
Nancy D. Killian, Esq.
Assistant District Attorneys
Bronx County District Attorney's Office
198 East 161st Street
Bronx, New York  10451